■ ANNA CIALINO, Respondent, v WILLIAM J. O'NEILL, Appellant. [844 NYS2d 98]—

In an action, inter alia, to recover damages for injury to property, the defendant appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Richmond County (Minardo, J.), dated June 29, 2006, as granted the plaintiff leave

to amend her complaint, and (2) so much of an order of the same court dated October 23, 2006, as denied that branch of the defendant's motion which was to dismiss the second cause of action in the amended complaint pursuant to CPLR 3211 (a) (5) and (7).

Ordered that the appeal from the order dated June 29, 2006 is dismissed as academic; and it is further,

Ordered that the order dated October 23, 2006 is reversed insofar as appealed from, on the law, and that branch of the defendant's motion which was to dismiss the second cause of action in the amended complaint as time-barred is granted; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff commenced a legal malpractice action against the defendant on April 6, 2005. By order dated June 29, 2006, the Supreme Court granted the defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss the plaintiff's legal malpractice action as time-barred by the three-year statute of limitations set forth in CPLR 214 (6) and granted the plaintiff leave to amend her complaint to add "non-legal malpractice causes of action."

On or about July 18, 2006 the plaintiff served an amended complaint asserting four causes of action. The defendant then moved to dismiss the amended complaint pursuant to CPLR 3211 (a) (5) and (7) on the grounds, inter alia, that the causes of action were time-barred, failed to state a cause of action, or were otherwise barred by the doctrine of collateral estoppel. By order dated October 23, 2006, the Supreme Court granted those branches of the defendant's motion which were to dismiss the first, third, and fourth causes of action in the amended complaint but denied the defendant's motion insofar as it related to the second cause of action sounding in negligent supervision of the defendant's law office and a purported business associate. The factual allegations in support of this cause of action, recast by the plaintiff in the amended complaint as a negligence claim, were duplicative of those in the previously dismissed legal malpractice complaint. However, in denying that branch of the defendant's motion which was to dismiss this cause of action, the Supreme Court found that the defendant's alleged failure to discover the misuse of his notary stamp and his law firm's letterhead by the plaintiff's financial advisor until October 2000 raised "issues of reasonable care and due diligence which plaintiff [was] in no position to contest." Therefore, the Supreme Court found that the plaintiff's second cause of action stated a cause of action under CPLR 3211 (a) (7) and denied that branch of the defendant's motion.

We reverse the order dated October 23, 2006, insofar as appealed from. The plaintiff's second cause of action in the amended complaint sounded in negligence and accrued no later than October 11, 2000, when the defendant discovered the misuse of his notary stamp and law firm letterhead and undertook appropriate steps to terminate that course of conduct. Because this action was commenced more than four years later on April 6, 2005, it was time-barred by the three-year statute of limitations applicable to negligence causes of action (*see* CPLR 214 [4]).

In light of our determination, the defendant's remaining contentions have been rendered academic. Schmidt, J.P., Fisher, Lifson and Carni, JJ., concur.